**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| LAURA GONZÁLEZ-VERA | ) |
|     Calle La Galera 37, 1B | ) |
|     Alameda de Osuna | ) |
|     Madrid 42028 | ) |
|     Spain | ) |
| | ) |
| and | ) |
| | ) |
| ALI A. BEYDOUN | ) |
| Personal Representative of the | ) |
| Estate of Carmelo Soria Espinoza | ) |
|     UNROW Clinic | ) |
|     American University | ) |
|     Washington College of Law | ) |
|     4801 Massachusetts Avenue, NW | ) |
|     Washington, D.C. 20016 | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
|     v. | )      Civil Action No. |
| | ) |
| MICHAEL VERNON TOWNLEY | ) |
|     c/o U.S. Marshals Office | ) |
|     500 Indiana Avenue, NW | ) |
|     Room C-250 | ) |
|     Washington, D.C. 20001 | ) |
| | ) |
| and | ) |
| | ) |
| ERIC H. HOLDER, JR. | )      JURY TRIAL DEMANDED |
| Attorney General of the United States | ) |
|     U.S. Department of Justice | ) |
|     950 Pennsylvania Avenue, NW | ) |
|     Washington, D.C. 20530 | ) |
| | ) |
|        Defendants. | ) |

_____

**COMPLAINT**

Plaintiffs Laura González-Vera and Ali A. Beydoun, Personal Representative of Carmelo Soria Espinoza's estate, allege the following in their Complaint and seek declaratory, compensatory, and injunctive relief against Defendants Michael Vernon Townley and Eric H. Holder, Jr., Attorney General of the United States.

## INTRODUCTION

1.      On the evening of July 14, 1976, agents of the Chilean secret police—including Defendant Townley—kidnapped Carmelo Soria Espinoza, Plaintiff González-Vera's husband, and drove Mr. Soria to Defendant Townley's home in Santiago, Chile, where they brutally tortured and murdered him. *Gonzalez-Vera v. Townley*, 595 F.3d 379, 380 (D.C. Cir. 2010).

2.      In exchange for his testimony in a trial against his co-defendants for the assassination of former Chilean foreign minister Orlando Letelier, Defendant Townley entered the US. Witness Security Program ("WSP"), administered by the U.S. Marshals Service, in 1978. Defendant Townley continues to receive protection under the WSP.

3.      Plaintiffs González-Vera and Beydoun obtained a judgment in 2005 against Defendant Townley in the amount of $7,259,700 for the wrongful death of Plaintiff González-Vera's husband.

4.      On February 23, 2010, the U.S. Court of Appeals for the D.C. Circuit determined that it was "reasonable" for Defendant Townley to make monthly payments of $325 toward satisfaction of the judgment. Despite Plaintiffs' repeated attempts to secure these required monthly payments, Defendant Townley has failed to make payments in June, July, August, September, November, and December 2013, as well as January 2014, totaling $2,275.

5.      Pursuant to 18 U.S.C. § 3523(a), on September 20, 2013, Plaintiffs made a formal request for Defendant Holder to urge Defendant Townley to comply with his payment

obligations and to determine whether Defendant Townley is making reasonable efforts to comply with the judgment. As of the filing of this Complaint, Defendant Holder has neither "determine[d] whether [Defendant Townley] has made reasonable efforts to comply with the judgment," "urge[d] [Defendant Townley] to comply with the judgment," nor communicated with Plaintiffs regarding whether he will disclose Defendant Townley's identity and location to Plaintiffs to assist in enforcing the judgment, as required by 18 U.S.C. §§ 3523(a), (b)(1).

6.      Plaintiffs González-Vera and Beydoun bring this action under 18 U.S.C. §§ 3523(a), (b) and 28 U.S.C. § 1361 for compensatory, injunctive, and other appropriate relief, including the appointment of a guardian to assist with the enforcement of their rights to the $7,259,700 judgment they hold against Defendant Townley.

## JURISDICTION & VENUE

7.      This Court has personal and subject matter jurisdiction over this action under 18 U.S.C. § 3523(b)(1) and 28 U.S.C. §§ 1331, 1361.

8.      Venue lies in this district under 18 U.S.C. § 3523(b)(1) and 28 U.S.C. § 1391(e)(1).

## PARTIES

9.      Plaintiff González-Vera is Mr. Soria's widow. Defendant Townley tortured and murdered Mr. Soria in 1976. Plaintiff González-Vera has standing to sue under Fed. R. Civ. P. 17(b)(1).

10.     Plaintiff Beydoun is the Personal Representative of Mr. Soria's estate, which is domiciled in the District of Columbia. Plaintiff Beydoun is a U.S. citizen. Plaintiff Beydoun has standing to sue under Fed. R. Civ. P. 17(a)(1)(B).

11.     Defendant Townley is a confessed assassin who tortured and murdered Mr. Soria. Defendant Townley entered the WSP in 1978 as part of an agreement to testify against his co-defendants for the assassination of former Chilean foreign minister Orlando Letelier. According to information recently provided to Plaintiffs by the Office of Enforcement Operations of the U.S. Department of Justice, Defendant Townley is a current participant in the WSP. He is a U.S. citizen.

12.     Defendant Eric H. Holder, Jr., is the Attorney General of the United States.

## BACKGROUND

### *The Assassination*

13.     On July 14, 1976, Defendant Townley and other agents of the Direccíon Nacional de Inteligencia ("DINA")—the Chilean secret police—kidnapped, tortured, and murdered Mr. Soria in Mr. Townley's home in Chile. Defendant Townley was a DINA agent at the time of the murder.

14.     Plaintiff González-Vera and her three children have suffered severe emotional distress due to the torture and murder of their husband and father. Their suffering continues due to the lack of accountability for Mr. Soria's death.

### *The Judgment*

15.     On November 13, 2002, Plaintiff González-Vera and the Personal Representative of Mr. Soria's estate sued Defendant Townley and others for their complicity in torturing and murdering numerous people, including Mr. Soria, during the brutal dictatorship of General Augusto Pinochet in Chile.

16.     On November 23, 2005, the Honorable Henry H. Kennedy, Jr. entered a judgment against Defendant Townley of $7,259,700 in the U.S. District Court for the District of Columbia.

17.     At no time did Defendant Townley seek reconsideration of or appeal the District Court's judgment.

### Enforcement of the Judgment

18.     Between November 2005 and February 2007, Defendant Townley did not make any efforts to satisfy the judgment against him.

19.     On February 18, 2009, Plaintiffs González-Vera and the Personal Representative of Mr. Soria's estate brought an action against Defendant Townley and the Attorney General of the United States under 28 U.S. C. § 3523(b)(1) to enforce the judgment against Mr. Townley.

20.     On February 23, 2010, the U.S. Court of Appeals for the D.C. Circuit determined that a monthly payment from Defendant Townley of $325 would constitute "reasonable efforts" to comply with the judgment. *González-Vera v. Townley*, 595 F.3d 379 (D.C. Cir. 2010).

21.     Defendant Townley has consistently failed to make the required monthly payments. Since Defendant Townley began making payments in March 2010, he has been late making payments on several occasions, and he has failed to make payments altogether for June, July, August, September, November, and December 2013, as well as January 2014, totaling $2,275.

22.     On September 9, 2013, Plaintiff Beydoun sent a letter to Eileen Ruleman, Deputy Chief of Witness Security and Special Operations Unit of the Office of Enforcement Operations of the U.S. Department of Justice Criminal Division, stating that Mr. Townley had stopped making payments to satisfy the judgment. Plaintiff Beydoun did not receive a response to his September 9, 2013 letter.

23.     On September 20, 2013, Plaintiff Beydoun sent a letter to Defendant Holder informing him that Defendant Townley had failed to make payments in June, July, August, and

September 2013 and that Plaintiff Beydoun had attempted to contact Ms. Ruleman but had received no response. Plaintiff Beydoun sought to enforce the judgment, requesting that the Attorney General fulfill his statutory duty under 18 U.S.C. § 3523(a) to determine whether Defendant Townley had made "reasonable efforts" to comply with the judgment and, if the Attorney General determined that he had not, to exercise his discretion to disclose the identity and location of Defendant Townley to Plaintiff Beydoun, the Personal Representative of Mr. Soria's estate.

24.     On October 9, 2013, Adam Cohen, Deputy Director of the WSP Office of Enforcement Operations, responded to Plaintiff Beydoun's September 20, 2013 letter, stating that the Office of Enforcement Operations was reviewing a request by Defendant Townley to reduce or eliminate payments because he is "in difficult financial straits and cannot afford the court-ordered payments." Mr. Cohen further stated that the Attorney General would determine whether Defendant Townley was making "reasonable efforts" to comply with the judgment, as required by 18 U.S.C. § 3523(a), based on the Office of Enforcement Operations' evaluation of Defendant Townley's request.

25.     The Department of Justice had not previously informed Plaintiffs Beydoun or González-Vera of Defendant Townley's request to reduce or stop payments, even though payments had ceased four months earlier. Mr. Cohen made no statement regarding any steps taken by himself, Ms. Ruleman, Defendant Holder, or anyone else to urge Defendant Townley, as required by 18 U.S.C. § 3523(a), to make the court-ordered payments.

26.     On October 29, 2013, Plaintiff Beydoun sent a letter to Ms. Ruleman expressing deep concern regarding Mr. Cohen's statement in his October 9, 2013 letter that the Office of

Enforcement Operations was reviewing Defendant Townley's request to reduce or stop payments.

27.     On November 6, 2013, Plaintiff Beydoun received an email from Ms. Ruleman stating that the U.S. Marshals Service had received checks from Defendant Townley for the missed payments, which it would forward to Plaintiff Beydoun. She also stated that her office was still reviewing Defendant Townley's request to reduce or eliminate payments. Ms. Ruleman made no mention of any attempts to urge Defendant Townley's compliance with the judgment or to appoint an individual to independently review Defendant Townley's efforts.

28.     On November 20, 2013, Plaintiff Beydoun received one check for $325 fulfilling the October 2013 payment.

29.     On November 22, 2013, Plaintiff Beydoun emailed Ms. Ruleman informing her that he had received one check and was still missing payments for June, July, August, September, and November 2013. Plaintiff Beydoun requested confirmation that he would receive the outstanding payments within a week. Ms. Ruleman responded via email the same day, stating that she was looking into the matter and would provide an update.

30.     Having received no response and no payments, Plaintiff Beydoun sent a letter on December 3, 2013, to Mr. Cohen expressing concern over the lack of communication from the WSP and its failure to send past-due payments. Plaintiff Beydoun asked that the WSP inform him and Plaintiff González-Vera of any developments with regard to a change in payments. Plaintiff Beydoun objected to any consideration by the WSP of Defendant Townley's request to cease or diminish payments in a non-transparent process without notice to Plaintiffs.

31.     At the time of filing this Complaint, Plaintiff Beydoun has not received any of Defendant Townley's past-due payments or any explanation for their delay.

32.     At the time of filing this Complaint, 118 days after sending his September 20, 2013 letter requesting that the Attorney General fulfill his statutory duties under 18 U.S.C. § 3523, Plaintiff Beydoun has not received a determination from the Attorney General whether Defendant Townley is making "reasonable efforts" to comply with the judgment. Moreover, no further payments were made toward the judgment. Plaintiffs González-Vera and Beydoun must therefore assume that the Attorney General has decided to allow Defendant Townley to stop payments on the judgment.

33.     The Attorney General has failed to comply with his statutory obligation to "determine whether [Defendant Townley] has made reasonable efforts to comply with the judgment," to "urge [Defendant Townley] to comply with the judgment," 18 U.S.C. § 3523(a), and to communicate with Plaintiffs regarding whether it will disclose Defendant Townley's identity and location, 18 U.S.C. § 3523(b)(1).

**First Request for Relief**

**Under 18 U.S.C. § 3523**

**(Failure to Comply With and Enforce Valid Judgment)**

34.     Plaintiffs González-Vera and Beydoun repeat and incorporate the allegations in paragraphs 1-33 as if fully set forth herein.

35.     Plaintiffs González-Vera and Beydoun hold a valid federal judgment against Defendant Townley, a WSP participant. On September 20, 2013, plaintiffs González-Vera and Beydoun requested that the Attorney General disclose the identity and location of Defendant Townley.

36.     Defendant Townley has unlawfully withheld payments to Plaintiffs González-Vera and Beydoun on the $7,259,700 judgment held against him.

37.     Defendant Townley's failure to make the required payments toward satisfaction of the $7,259,700 judgment against him have effectively deprived Plaintiffs González-Vera and Beydoun of their judgment rights. Plaintiffs González-Vera and Beydoun will continue to suffer a violation of their judgment rights until this Court compels Defendant Townley to pay the judgment against him within a reasonable and definite timeframe.

38.     Defendant Holder has failed to comply with his statutory obligation to "determine whether [Defendant Townley] has made reasonable efforts to comply with the judgment" and to "urge [Defendant Townley] to comply with the judgment." 18 U.S.C. § 3523(a).

39.     Defendant Holder has failed to comply with his statutory obligation to communicate his "reasonable efforts" determination to Plaintiffs González-Vera and Beydoun within 120 days. 18 U.S.C. § 3523(b)(1).

40.     By failing to comply with his statutory duties under 18 U.S.C. §§ 3523(a) and (b)(1), Defendant Holder has exceeded his statutory authority and has usurped the role of a court-appointed guardian in reviewing the assets of a WSP participant. Defendant Holder's refusal to issue a "reasonable efforts" determination or to urge Defendant Townley to comply with the judgment, as well as his failure to communicate a "reasonable efforts" determination to Plaintiffs, leaves Plaintiffs without plausible recourse to enforce their judgment, effectively rendering their court-ordered compensation valueless.

41.     Defendant Holder's failure to make a "reasonable efforts" determination and communicate that determination to Plaintiffs is evidence of bias or predetermination in the review process. As a result, the Attorney General has effectively denied Plaintiffs their right to enforce the judgment within the confines of 18 U.S.C. § 3523(a). The Attorney General's actions necessitate the appointment of a guardian by this Court under 18 U.S.C. § 3523(b).

42.     Plaintiffs González-Vera and Beydoun will continue to suffer a violation of their judgment rights until this Court compels Defendant Holder to comply with his statutory obligations under 18 U.S.C. §§ 3523(a) and (b)(1) that require him to disclose the identity and location of Defendant Townley for purposes of enforcing the judgment.

**Second Request for Relief**

**Under 28 U.S.C. § 1361**

**(Failure to Perform Non-Discretionary Statutory Obligations)**

43.     Plaintiffs González-Vera and Beydoun repeat and incorporate the allegations in paragraphs 1-42 as if fully set forth herein.

44.     Defendant Holder, in his official capacity as the Attorney General of the United States, has a non-discretionary obligation under 28 U.S.C. § 3523(a) to "determine whether [Defendant Townley] has made reasonable efforts to comply with the judgment" and to "urge [Defendant Townley] to comply with the judgment."

45.     Plaintiffs' September 20, 2013 letter requested that the Attorney General "determine whether [Defendant Townley] has made reasonable efforts to comply with the judgment" and to "urge [Defendant Townley] to comply with the judgment."

46.     Plaintiffs González-Vera and Beydoun have no other available administrative remedy to enforce their right to fulfillment of the $7,259,700 judgment against Defendant Townley.

47.     This Court can compel Defendant Holder under 28 U.S.C. § 1361 to comply with his statutory obligations under 18 U.S.C. §§ 3523(a) and (b)(1) that require him to disclose the identity and location of Defendant Townley for purposes of enforcing the judgment.

48.    The Attorney General's consideration of Defendant Townley's request to stop payment on the judgment against him is a *per se* violation of the Attorney General's duties under 28 U.S.C. § 3523(a), which require the Attorney General to urge Defendant Townley to comply with the judgment. The Attorney General does not have any authority to decide whether Defendant Townley may be excused from his obligation to make monthly payments.

49.    This Court must review Defendant Holder's conduct because it constitutes an unlawful withholding of mandatory agency action, is causing an unreasonable delay in the administrative process, and exceeds his statutory authority. Plaintiffs have further demonstrated that this Court's review is necessary because they cannot obtain relief through the statutory procedures.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that this Court:

A.    Declare that Defendant Townley is in violation of 18 U.S.C. § 3523(a) for his failure to make required payments toward satisfaction of the judgment against him;

B.    Declare that Defendant Holder is in violation of 18 U.S.C. §§ 3523(a) and (b)(1) for his failure to determine whether Defendant Townley is making reasonable efforts to comply with the judgment against him, failure to urge Defendant Townley to comply with that judgment, and failure to communicate with Plaintiffs regarding Defendant Townley's efforts to satisfy that judgment;

C.    Enjoin Defendants from continuing to withhold payments toward satisfaction of the judgment against Defendant Townley and from considering Defendant Townley's request to end his obligation to make payments toward satisfaction of the judgment;

D.    Compel Defendant Townley to make all required payments toward satisfaction of the judgment against him;

E.    Appoint a guardian, as required by 28 U.S.C. § 3523(b)(3)(B), selected or approved by Plaintiffs, to review and make an independent and objective determination regarding Defendant Townley's efforts to satisfy the judgment against him;

F.      Order Defendant Holder to disclose the identity and location of Defendant Townley either directly to Plaintiffs under protective order, or through a guardian *ad litem*;

G.      Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action under 18 U.S.C. § 3523(b)(1), 28 U.S.C. § 2412, and 18 U.S.C. § 3523(b)(6);

I.      Grant such other equitable relief as this Court may deem just and proper.

DATED:  January 16, 2013

Respectfully Submitted,

_____
Ali A. Beydoun
D.C. Bar No. 475413
Erin Louise Palmer
D.C. Bar No. 992747
UNROW Human Rights Impact Litigation Clinic
American University Washington College of Law
4801 Massachusetts Avenue, NW
Washington, D.C. 20016
(202) 274-4088